**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF CALIFORNIA

Case number *(if known)* ______________ Chapter **7**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**4/16**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Beamreach Solar, Inc.** |
| **2.** | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **Soltaix LC**<br>**Soltaix, Inc.**<br>**Solexel, Inc.**<br>**Solexel International**<br>**Solexel GmbH**<br>**Solexel (M) SDN. BHD.**<br>**Beachreach Solar, Inc.** |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **20-8457485** |
| **4.** | **Debtor's address** | **Principal place of business**<br>**1530 McCarthy Blvd.**<br>**Milpitas, CA 95035**<br>Number, Street, City, State & ZIP Code<br>**Santa Clara**<br>County<br><br>**Mailing address, if different from principal place of business**<br>P.O. Box, Number, Street, City, State & ZIP Code<br>**Location of principal assets, if different from principal place of business**<br>Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | **www.beamreachsolar.com** |
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: |

Case: 17-50307 Doc# 1 Filed: 02/09/17 Entered: 02/09/17 16:02:05 Page 1 of 10

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**3359**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

District ______ When ______ Case number ______

District ______ When ______ Case number ______

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

Debtor ______ Relationship ______

District ______ When ______ Case number, if known ______

**11. Why is the case filed in *this district?***

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No

■ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

■ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? **Contains hazardous chemicals related to the manufacturing of solar PV cells.**

■ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

■ Other **Hazardous waste permits with the City of Milpitas and Santa Clara County.**

**Where is the property?** **1530 McCarthy Blvd.**
**Milpitas, CA, 95035-0000**
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

■ Yes. Insurance agency **Travelers Insurance**

Contact name **David Liebes**

Phone **650/393-2008**

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

. *Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ■ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Case: 17-50307 Doc# 1 Filed: 02/09/17 Entered: 02/09/17 16:02:05 Page 3 of 10

Debtor Beamreach Solar, Inc. Case number (if known)
Name

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 02/09/2017
MM / DD / YYYY

X
Signature of authorized representative of debtor

Marinus Jacobus Adrianus Kerstens
Printed name

Title Chief Executive Officer

**18. Signature of attorney**

X
Signature of attorney for debtor

Date 02/09/2017
MM / DD / YYYY

John D. Fiero
Printed name

Pachulski Stang Ziehl & Jones LLP
Firm name

150 California Street
San Francisco, CA 94111-4500
Number, Street, City, State & ZIP Code

Contact phone 415-263-7000 Email address jfiero@pszjlaw.com

CA 136557
Bar number and State

Official Form 201 Voluntary Petition for Non-Individuals Filing for Bankruptcy page 4

*PRIVILEGED AND CONFIDENTIAL*

**MINUTES OF A SPECIAL TELEPHONIC MEETING OF THE BOARD OF DIRECTORS OF BEAMREACH SOLAR, INC.**

---

| | |
|---|---|
| **DATE:** | January 25, 2017 |
| **TIME:** | 12:00 p.m. |
| **PLACE:** | Via teleconference |
| **DIRECTORS PRESENT:** | Reyad Fezzani<br>Mark Kerstens<br>Mehrdad Moslehi<br>Jan van Dokkum<br>Greg Williams<br>Michael Wingert |
| **DIRECTORS ABSENT:** | None |
| **OTHERS PRESENT:** | Andrew De Camara (of Sherwood Partners, Inc.)<br>John Fiero (of Pachulski, Stang, Ziehl and Jones LLP)<br>Mark Porter (of Fenwick & West LLP)<br>Morgan Sawchuk (of Fenwick & West LLP)<br>Sayre Stevick (of Fenwick & West LLP) |

**1. Call to Order**

Mr. Kerstens called to order a meeting of the Board of Directors (the "***Board***") of Beamreach Solar, Inc., a Delaware corporation (the "***Company***"), and announced that a quorum of directors was present and that the meeting, having been duly convened, was ready to proceed with its business. All members of the Board had received notice of the meeting in accordance with the Company's bylaws or waived such notice. At the outset of the meeting all of the persons noted above were present. Mr. Kerstens confirmed that each person participating in the meeting could hear and be heard by every other person participating in the meeting. Ms. Sawchuk acted as Secretary of the meeting and kept its minutes. Mr. Kerstens reviewed the agenda for the meeting and gave an update to the Board, including for the purpose of the Board obtaining advice of counsel present.

**2.** [redacted]

[redacted]



[redacted]

[redacted]

[redacted]

3. [redacted]

[redacted]

4. [redacted]

[redacted]

[redacted]

**5.** [redacted]

[redacted]

**6.** [redacted]

[redacted]

**7. <u>Bankruptcy and Stakeholder Communications</u>**

[redacted]

The Board then discussed the necessity of filing a voluntary petition under the provisions of Chapter 7 of Title 11 of the United States Code (the "***Bankruptcy Code***"), subject to the Board's continuing right to delay, suspend or abandon such filing at any time before its

completion if and as necessary to review and consider the viability of a proposal to continue the sales process as a going concern, to fund a Chapter 11 bankruptcy filing or otherwise pursue a purchase transaction of the Company's assets, in each case as would prove satisfactory to the Company's senior lender, Opus Bank. Following a motion duly made and seconded, the Board unanimously approved the following recitals and resolutions:

> **WHEREAS**, the Board has considered the financial and operational conditions of the Company's business.
>
> **WHEREAS**, the Board has reviewed the historical performance of the Company, the market for the Company's products and services, and the current and long-term liabilities of the Company.
>
> **WHEREAS,** the Board has reviewed the Company's cash needs, the extent of available cash and the probability of execution of all existing proposals to continue operations as a going concern or to fund an orderly liquidation.
>
> **WHEREAS**, the Board has reviewed, considered, and received the recommendations of the senior management of the Company and the advice of the Company's professionals and advisors with respect to potential avenues for relief that are available to the Board, upon behalf of the Company, including the possibility of pursuing a restructuring that contemplated an orderly liquidation of the Debtors' business and assets under Chapter 7 of the Bankruptcy Code.
>
> **WHEREAS**, the Board has reviewed, considered, and received the recommendations of the senior management of the Company and the advice of the Company's professionals and advisors with respect to the possibility for success in pursuing an orderly liquidation, in light of (i) the cash needs of the Company needed to continue operations and to pursue the orderly liquidation of substantially all of the Company's assets as a going concern in a commercially reasonable manner under the circumstances; (ii) the unavailability of financing with probability of execution by the Company's pre-petition secured lenders or stockholders and the unavailability of other sufficient financing with probability of execution in the event that the Company pursued an orderly liquidation outside of bankruptcy proceedings under Chapter 7 of the Bankruptcy Code; and (iii) the inability of the Company to generate cash or otherwise fund operations while operating as a debtor and debtor in possession in Chapter 11 in order to achieve an orderly liquidation.
>
> **WHEREAS**, the Board has reviewed, considered, and received the recommendations of the senior management of the Company and the advice of the Company's professionals and advisors that the Company does not have a reasonable possibility of success in effectuating such an orderly liquidation, because the Company would have insufficient cash

and/or financing with which to continue operations through the time that the Board reasonably believes would be required to effectuate a sale or sales of substantially all of the Company's assets, or a substantial portion thereof, as a going concern, and because the Board was unable to determine to its reasonable satisfaction that the Company could meet all of its post-petition liabilities.

**NOW, THEREFORE, BE IT RESOLVED**, that, in the business judgment of the Board after consideration of the alternatives presented to it and the recommendations of senior management of the Company and the advice of the Company's professionals and advisors, that it is in the best interests of this Company, its creditors, stockholders and other interested parties, that a voluntary petition be filed by the Company under the provisions of Chapter 7 of the Bankruptcy Code.

**RESOLVED FURTHER**, that the officers of the Company be, and they hereby are, authorized to execute and file on behalf of the Company all petitions, schedules, lists and other papers or documents, and to take any and all action which they deem necessary or proper to obtain such relief.

**RESOLVED FURTHER**, that the officers of the Company be, and they hereby are, authorized and directed to employ the law firm of Pachulski Stang Ziehl & Jones LLP as general bankruptcy counsel.

**RESOLVED FURTHER**, that any of the officers of the Company are authorized, empowered and directed to take any and all further action and to execute and deliver any and all such further instruments and documents and to pay all such expenses (subject to Bankruptcy Court approval), where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED FURTHER**, that all actions taken by the officers of the Company prior to the date hereof in connection with the possible reorganization and/or liquidation of the Company or any matters related thereto, or by virtue of these resolutions, are hereby in all aspects ratified, confirmed, and approved.

**RESOLVED FURTHER,** that, notwithstanding anything to the foregoing, the Board hereby reserves its right to suspend, delay or abandon any or all efforts or activities relating to the herein approved Chapter 7 bankruptcy if, prior to the filing of the voluntary petition by the Company under the provisions of Chapter 7 of the Bankruptcy Code, the Board determines it is necessary to do so in order to consider or pursue a proposal for an orderly liquidation that will prove satisfactory to the Company's secured creditors.

Case: 17-50307 Doc# 1 Filed: 02/09/17 Entered: 02/09/17 16:02:05 Page 9 of 10



[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

**8.** [redacted]

[redacted]

**9. <u>Adjournment</u>**

There being no further business to come before the meeting, upon motion made, seconded and unanimously passed, the meeting was duly adjourned at approximately 1:15 p.m.

Morgan Sawchuk
Morgan Sawchuk, Secretary of the Meeting

Case: 17-50307 Doc# 1 Filed: 02/09/17 Entered: 02/09/17 16:02:05 Page 10 of 10