ORIGINAL

Shashank Upadhye
418 Phillippa Street
Hinsdale, IL 60521-2439

20 Feb. 2017


FILED
FEB 27 2017
United States Bankruptcy Court
San Jose, California CLERK

| Bankruptcy Trustee: | Debtor's Counsel: | Debtor: |
|---|---|---|
| Kari Bowyer<br>PO Box 700096<br>San Jose, CA 95170<br>trusteebowyer@gmail.com | John Fiero<br>Pachulski, Stang, Ziehl, & Jones<br>150 California Street, 15th Fl.<br>San Francisco, CA 94111-4500<br>jfiero@pszjlaw.com | Mark Kerstens<br>Beamreach Solar, Inc.<br>1530 McCarthy Blvd.<br>Milpitas, CA 95035<br>Mark.kerstens@solexel.com<br>Mark.kerstens@beamreachsolar.com |
| Judge:<br><br>Judge Elaine Hammond<br>US Bankruptcy Court – ND CA<br>US Federal Building<br>280 S 1st St. #268<br>San Jose, CA 95113-3004 | | |

Re: Beamreach Solar Inc. (the "Company" or the "Debtor") Bankruptcy
ND California court docket no.: 17-50307 MEH

Dear All:

I am a member of the bridge note investor class. I am concerned that the Debtor has done nothing to protect our credit and that the Meeting of the Creditors, currently scheduled for 21 March 2017, will be too late and such delay will adversely affect the ability of the bridge note investors to recover monies. Therefore, please consider accelerating the Meeting.

A. Patent Applications and Issued Patents Corpus

I am a registered patent attorney practicing patent law in Chicago. I am intimately familiar with the patent law process. I am concerned because the Debtor does not own any material physical assets, and the only major asset of the estate is its Intellectual Property, which it has identified in its dissolution papers (it identified 100's of IP rights). These papers list the IP assets to include issued patents and pending patent applications. The patent application process is iterative in that there is lots of back-and-forth with the Patent Office and with the Company. For pending patent applications, the Company is obligated to do certain filings by certain statutory deadlines. Otherwise, valuable patent rights may be lost, both domestic and abroad. Because of these statutory deadlines, one cannot just sit on pending patent applications and let them lapse. However, because of the dissolution, it is unclear who if anyone is attending to any pending patent applications.

We, the bridge note investors, funded the Debtor based on our subordinated security that is contingent on maximizing the value of the IP assets, which is compromised by any delay or lapses in the patent application process. Thus a buyer of any IP may pay less if valuable IP is lost due to the delays.

B. Sale of Company and Assets

I understand also that prior to filing for bankruptcy, the Company engaged Imperial Capital to sell the company and/or its assets. To this end, I have not seen any motions by the Company requesting the continued engagement of Imperial. I am concerned that the secured creditor may to sell the IP for only so much consideration as allows it to recover its loans, while it has no incentive to try to achieve a superior outcome. I am also concerned that by the time the creditors meeting is convened (under the current schedule), there will be little for us to do to correct this situation.

I would like to see a creditors committee formed as quickly as possible and for such committee to engage its own advisers to supervise the process and ensure its fairness.

For the reasons mentioned above, the 5 week delay in the meeting causes valuable time, rights, and hence erodes the value of the estate.

Imperial should be instructed as soon as possible to continue its engagement promptly so that the bridge note class can maximize its recovery.


Regards,

*[signature]*

Shashank Upadhye