McGuireWoods LLP
Todd J. Dressel (S.B. No. 220812)
Ethan Schatz (S.B. No. 257919)
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111-3821
Telephone: (415) 844-9944
Facsimile: (415) 844-9922
TDressel@mcguirewoods.com

Attorneys for Creditor WELLS FARGO BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re | Case No. 17-50307 MEH |
|---|---|
| BEAMREACH SOLAR, INC., | R.S. No. TJD-001 |
| Debtor. | Chapter 7 |
| | Hon. M. Elaine Hammond |
| | **MOTION FOR RELIEF FROM AUTOMATIC STAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| | Hearing: |
| | Date: April 21, 2017 |
| | Time: 10:00 a.m. |
| | Place: Courtroom 3020 |
| | 280 South First Street |
| | San Jose, CA 95113-3099 |

TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, DEBTOR'S COUNSEL, THE TRUSTEE, AND OTHER INTERESTED PARTIES:

Wells Fargo Bank, N.A. ("*Wells Fargo*") hereby moves (the "*Motion*") this Court for an Order granting relief from the automatic stay under 11 U.S.C. § 362 in the above-captioned matter so that Wells Fargo may enforce its remedies against its collateral resulting from

pre-petition and future draws on certain standby letters of credit issued by Wells Fargo on behalf of Beamreach Solar, Inc. ("*Debtor*").  Additionally, Wells Fargo seeks relief from stay to terminate such standby letters of credit prior to their automatic renewals.  Given the circumstances of this case and the recent Report of No Distribution filed by the Chapter 7 Trustee on March 22, 2017, no creditors will not be harmed by the relief requested herein.

This Motion is based upon attached Memorandum of Points and Authorities, the Declaration of Victor Choi (the "*Choi Declaration*"), filed concurrently herewith.  In further support of the Motion, Wells Fargo states as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  <u>Facts</u>**

1. Beamreach Solar, Inc. ("*Debtor*") filed its voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 9, 2017 (the "*Petition Date*"), in the United States Bankruptcy Court, Northern District of California, San Jose Division (the "*Bankruptcy Court*").

2. On or about July 22, 2009, Debtor entered into a Standy Letter of Credit Agreement with Wells Fargo (as amended or modified from time to time, the "*SBLC Agreement*"). A true and correct copy of the SBLC Agreement is attached to the Choi Declaration as <u>Exhibit A</u>. Pursuant to the SBLC Agreement, on July 28, 2009, Wells Fargo issued Irrevocable Standby Letter of Credit number NZS644544 ("*SBLCNZS644544*"), in the amount of $300,000, on behalf of Debtor, with 1504-1530 McCarthy Blvd. – Milpitas LLC, as beneficiary.

3. As security for all of Debtor's obligations to Wells Fargo, including but not limited to Debtor's obligation to reimburse Wells Fargo for any demands made on any letters of

credit issued pursuant to the SBLC Agreement, Debtor pledged its interest in all funds, including both principal and interest, in certificate of deposit #8046432202, dated July 22, 2009, held at Wells Fargo ("*CD8046432202*"), as evidenced by that certain Security Agreement – Specific Rights to Payment, dated July 22, 2009, executed by Debtor in favor of Wells Fargo (the "*July 2009 Security Agreement*"). A true and correct copy of the July 2009 Security Agreement is attached to the Choi Declaration as Exhibit B.

4.  On or about February 10, 2014, SBLCNZS644544 was increased to $450,000. As further security for all of Debtor's obligations to Wells Fargo, Debtor pledged its interest in all funds, including both principal and interest, in certificate of deposit #5830741053, dated February 5, 2014, held at Wells Fargo ("*CD5830741053*"), as evidenced by that certain Security Agreement – Specific Rights to Payment, dated February 5, 2014, executed by Debtor in favor of Wells Fargo (the "*February 2014 Security Agreement*"). A true and correct copy of the February 2014 Security Agreement is attached to the Choi Declaration as Exhibit C.

5.  On or about July 10, 2014, SBLCNZS644544 was increased to $500,000. As further security for all of Debtor's obligations to Wells Fargo, Debtor pledged its interest in all funds, including both principal and interest, in certificate of deposit #7084855753, dated June 1, 2014, held at Wells Fargo ("*CD7084855753*"), as evidenced by that certain Security Agreement – Specific Rights to Payment, dated June 1, 2014, executed by Debtor in favor of Wells Fargo (the "*June 2014 Security Agreement*"). A true and correct copy of the June 2014 Security Agreement is attached to the Choi Declaration as Exhibit D.

6.  Pursuant to the SBLC Agreement, on October 10, 2014, Wells Fargo issued Irrevocable Standby Letter of Credit number IS0251534U ("*SBLCIS0251534U*"), in the amount of $50,000, on behalf of Debtor, with 1504-1530 McCarthy Blvd. – Milpitas LLC, as beneficiary. A true and correct copy of SBLCIS0251534U is attached to the Choi Declaration as Exhibit E. As further security for all of Debtor's obligations to Wells Fargo, Debtor pledged its interest in all funds, including both principal and interest, in certificate of deposit #8426798958,

dated September 24, 2014, held at Wells Fargo ("*CD8426798958*"), as evidenced by that certain Security Agreement – Specific Rights to Payment, dated September 24, 2014, executed by Debtor in favor of Wells Fargo (the "*September 2014 Security Agreement*"). A true and correct copy of the September 2014 Security Agreement is attached to the Choi Declaration as Exhibit E.

7. On or about September 27, 2016, SBLCNZS644544 and SBLCIS0251534U were transferred to Oak Creek Properties, LLC ("*Oak Creek*").

8. The expiration date of SBLCNZS644544 is February 28, 2019. The current expiration date of SBLCIS0251534U is February 28, 2018, which will automatically extend to a final expiration date of February 28, 2019, unless at least thirty (30) days prior to the current expiration date Wells Fargo sends written notice that it elects not to extend the expiration date of SBLCIS0251534U.

9. Pursuant to the SBLC Agreement, on September 14, 2016, Wells Fargo issued Irrevocable Standby Letter of Credit number IS0452430U ("*SBLC IS0452430U*", together with SBLCNZS644544 and SBLCIS0251534U, the "*SBLCs*"), in the amount of $50,000, on behalf of Debtor, with Navigators Insurance Company, as beneficiary. As further security for all of Debtor's obligations to Wells Fargo, Debtor pledged its interest in all funds, including both principal and interest, in certificate of deposit #5548961258, dated September 14, 2016, held at Wells Fargo ("*CD5548961258*", together with CD8046432202, CD5830741053, CD7084855753, and CD8426798958, the "*Certificates of Deposit*"), as evidenced by that certain Security Agreement – Specific Rights to Payment, dated September 14, 2016, executed by Debtor in favor of Wells Fargo (the "*September 2016 Security Agreement*", together with July 2009 Security Agreement, February 2014 Security Agreement, June 2014 Security Agreement, and September 2014 Security Agreement, the "*Security Agreements*"). A true and correct copy of the September 2016 Security Agreement is attached to the Choi Declaration as Exhibit F.

10. The expiration date of SBLCIS0452430U is currently September 9, 2017, but will automatically extend for a successive one year period unless at least sixty (60) days prior to such

expiration date Wells Fargo sends written notice to the beneficiary that it elects not to extend the expiration date of SBLCIS0452430U.

11. On or about February 7, 2017, a draw of $60,197.18 was made on SBLCNZS644544 by Oak Creek Properties, LLC, resulting in fees as provided under the SBLC Agreement of $330.00, for a total reimbursement obligation of the Debtor to Wells Fargo of $60,527.18 (the "*Prepetition Draw*"). Debtor did not reimburse Wells Fargo as required prior to the Petition Date and such amount remains outstanding.

12. As of the Petition Date, the funds in the Certificates of Deposit were as follows: CD8046432202 ($300,000.00), CD5830741053 ($150,000.00), CD7084855753 ($50,000.00), CD8426798958 ($50,000.00) and CD5548961258 ($52,522.43).

13. Wells Fargo respectfully requests that this Court lift the automatic stay to (i) allow Wells Fargo to submit its election not to extend SBLCIS0251534U and SBLCIS0452430U beyond their current expiration dates pursuant to their terms, (ii) allow Wells Fargo to reimburse itself from the Certificates of Deposit for the Prepetition Draw pursuant to the terms of the SBLC Agreement, and (iii) allow Wells Fargo to reimburse itself for any draws on any of the SBLCs and any fees and costs incurred, including attorneys' fees, from the Certificates of Deposit, as provided under the SBLC Agreement and Security Agreements, without seeking further relief from the Bankruptcy Court.

## II. Argument

14. A party may seek relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). The moving party must first establish a prima facie case that cause exists under section 362(d)(1). The burden then shifts to the Debtor to show that relief from the stay is not warranted. *Duvar Apt., Inc. v. FDIC (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996). Relief from the stay to allow a bank to reimburse itself from secured collateral is appropriate where, as here, a bank has distributed funds to a beneficiary pursuant to a letter of credit and the corresponding reimbursement obligation remains outstanding. In *In re W.L. Mead, Inc.*, a bank issued the debtor a letter of credit pre-petition, which the debtor in turn assigned to

an insurance company. *In re W.L. Mead, Inc.*, 42 B.R. 57 (Bankr. N.D. Ohio 1984). Post-petition, the insurance company drew on the letter of credit. At issue was whether the bank could foreclose on the collateral securing the letter of credit. *Id.* at 59. Because the customary standards for stay relief did not apply, the court balanced the equities in determining that "[i]f the stay were to remain intact, the bank would be precluded from using a substantial sum of money that was pledged against the possibility that [the beneficiary] could, at any time, draw from [the bank's] assets . . . the bank could continue to be deprived of the funds despite its having fulfilled its obligations to both [the insurer] and the Debtor-In-Possession." *Id.* at 60. Ultimately, the Court concluded that "the continued deprivation of funds is sufficient hardship on the bank" to constitute "cause" to lift the automatic stay. *Id.* at 61.

15. Similar facts support the same result here. Without relief from the stay to submit its election not to extend SBLCIS0251534U and SBLCIS0452430U beyond their current expiration dates pursuant to their terms, Wells Fargo would be required to maintain such SBLCs for a significantly longer period of time with additional costs and expense with apparently no ability to obtain these costs from the Debtor. Moreover, without stay relief, the drawn-upon letters of credit remain outstanding while Wells Fargo is unable to reimburse itself from its cash collateral. Finally, the Chapter 7 Trustee filed her Report of No Distribution on March 22, 2017. Accordingly, creditors will not be harmed by the relief requested herein.

### III. Conclusion

16. For the foregoing reasons, Wells Fargo respectfully requests an order lifting the automatic stay to (i) allow Wells Fargo to submit its election not to extend SBLCIS0251534U and SBLCIS0452430U beyond their current expiration dates pursuant to their terms, (ii) allow Wells Fargo to reimburse itself from the Certificates of Deposit for the Prepetition Draw pursuant to the terms of the SBLC Agreement, (iii) allow Wells Fargo to reimburse itself for any draws on any of the SBLCs and any fees and costs incurred, including attorneys' fees, from the

Certificates of Deposit, as provided under the SBLC Agreement and Security Agreements, without seeking further relief from the Bankruptcy Court, (iv) waiving the 14-day stay as contemplated by Federal Rule of Bankruptcy Procedure 4001(a)(3), and (v) granting such other relief as the Court deems just and proper.

Dated: March 30, 2017

                                          MCGUIREWOODS LLP

                                          By: */s/ Todd J. Dressel*
                                                Todd J. Dressel
                                                *Counsel to Wells Fargo Bank, N.A.*

88364108_2